UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JENNIFER S. BAXTER,                    )
                                        )
      Plaintiff,                   )
                                        )      Civil Action No. 1:24-cv-73
v.                                      )
                                        )
FRANK BISIGNANO[1],                     )
Commissioner of Social Security,        )
                                        )
      Defendant.                   )

**OPINION AND ORDER**

This matter is before the court on the Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b) [DE 32] filed by Ann M. Trzynka, counsel for the plaintiff, Jennifer S. Baxter, on March 4, 2026. Defendant filed a Response [DE 35] indicating that the Agency neither agreed nor disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b). For the following reasons, the Motion [DE 32] is **GRANTED**.

*Background*

Plaintiff Jennfier S. Baxter filed an application for benefits in February 2018. [DE 17]. The Indiana Disability Determination Bureau, on behalf of the Social Security Administration ("SSA"), entered an unfavorable decision on February 5, 2020, and on reconsideration in October 2020. *Id.* After a timely-filed request for a hearing, SSA Administrative Law Judge

---

[1] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

("ALJ") Kathleen Winters held a hearing on July 22, 2021. *Id.* ALJ Winters issued an unfavorable decision on September 27, 2021. *Id.* The Appeals Council issued an order remanding the case to an ALJ. An ALJ then held a hearing on May 16, 2023, after which the ALJ issued another unfavorable decision on November 7, 2023. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on February 14, 2024. [DE 1].

The Commissioner filed a Joint Motion to Remand [DE 23], and the court reversed and remanded the decision of the Commissioner on September 12, 2024. [DE 24]. Following this court's remand, an ALJ approved Plaintiff's claim for benefits. [DE 33]. The SSA issued a Notice of Award letter dated January 15, 2026. The SSA awarded $123,076.00 in past-due benefits and is withholding $30,769.00, which is 25% of Plaintiff's past-due benefits. [DE 33]. Plaintiff agreed to pay Attorney Trzynka 25% of all past-due benefits awarded to her and any beneficiaries by the SSA. [DE 36].

Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") in October of 2024. [DE 26]. The Commissioner filed a Response [DE 28] stating that there was no objection. Plaintiff filed an unopposed Motino to Amend/Correct EAJA Order [DE 30], which was granted in November 2024, awarding Plaintiff's counsel $10,025.00 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 31].

Attorney Trzynka asks the court to authorize an award of attorney fees in the total amount of $30,769.00 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Trzynka requests an attorney fee in the amount of $30,769.00 and contends that the requested fee award is reasonable for the 40.1 hours of legal work she spent representing Plaintiff in federal court. [DE 33]. Attorney Trzynka's total requested fee amounts to an hourly rate of $767.31 for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Long v. Saul*, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (awarding a fee equating to $1,711.96 per hour); *Ringle v. Kijakazi*, 2021 WL 3550892, at *1 (N.D. Ind. Aug. 11, 2021) (awarding fee equating to $1,923.00 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court

finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b). *Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Plaintiff has filed an affidavit [DE 36] acknowledging that Attorney Trzynka should keep the EAJ award of $10,025.00 in partial satisfaction of the § 406(b) award.

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 32] and **AWARDS** fees to Attorney Ann M. Trzynka in the total amount of $30,769.00. The court **ORDERS** the SSA to disburse $20,744.00 to Attorney Trzynka. Attorney Trzynka is permitted to retain the $10,025.00 EAJA award.

ENTERED this 14th day of April, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge